HILARY POTASHNER
Federal Public Defender
MARK R. DROZDOWSKI (Bar No. 166669)
(E-mail: Mark_Drozdowski@fd.org)
MICHAEL PARENTE (Bar No. 288652)
(E-mail: Michael_Parente@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1798
Facsimile: (213) 894-0310

Attorneys for Petitioner
MARCO ANTONIO VILLAGRAN

XAVIER BECERRA
Attorney General of California
DANIEL ROGERS
Supervising Deputy Attorney General
MEREDITH S. WHITE
Deputy Attorney General
State Bar No. 255840
JENNIFER A. JADOVITZ
Deputy Attorney General
State Bar No. 207004
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9213
 Fax: (619) 645-2191
 E-mail: Jennifer.Jadovitz@doj.ca.gov
 E-mail: Meredith.White@doj.ca.gov
Attorneys for Respondent

**FILED**
CLERK, U.S. DISTRICT COURT
November 26, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CSI _____ DEPUTY

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO VILLAGRAN,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT FOX, Warden,<br><br>    Respondent. | Case No. ED CV 16-2251-GW (SS)<br><br>**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc) and *Lambright v. Ryan*, 698 F.3d 808, 818-19 (9th Cir. 2012), Petitioner and Respondent, through their respective counsel, hereby stipulate, agree and request that this Court enter the following protective order regarding: (1) petitioner's implied waiver of attorney-client privilege; (2) documents from trial counsel's files provided to Respondent during this habeas action; (3) related testimony provided at the evidentiary hearing or depositions in this matter; and (4) any reference to such documents or testimony in the parties' briefing submitted to the Court.

1. Because Petitioner has alleged that his trial counsel provided ineffective assistance of counsel, he has impliedly waived his attorney-client privilege. This waiver is narrow and does not extend beyond the adjudication of the ineffectiveness claim in this federal habeas proceeding.

2. All privileged documents[1] and testimony produced to Respondent or presented in this action may be used only for purposes of litigating this habeas corpus proceeding by: (a) Petitioner and the members of his legal team (*i.e.*, lawyers, paralegals, investigators, and support staff, assigned to *Villagran v. Fox* by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses); and (b) Respondent and the members of his legal team (*i.e.*, lawyers, paralegals, investigators, and support staff, assigned to *Villagran v. Fox* by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses). This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

---

[1] As used in this joint stipulation, the word "privileged" encompasses both the attorney-client privilege and materials subject to the attorney work product doctrine.

3.  Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of the contents of the documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order.

4.  Privileged documents and testimony shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document. Before the evidentiary hearing, Petitioner shall file a copy of trial counsel's entire file as an exhibit. Documents from trial counsel's file shall be subject to this Protective Order and shall remain confidential and sealed.

5.  In addition, within 7 days of receiving the evidentiary hearing transcript, Petitioner shall designate the portions of testimony subject to *Bittaker* protection. These portions of testimony shall remain confidential and sealed.

6.  All privileged documents and testimony submitted to this Court shall be submitted under seal **pursuant to CR 79** in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record. Privileged testimony from the evidentiary hearing shall be clearly designated as such by marking the transcripts of the proceeding. Any pleading or other papers served on opposing counsel or filed or lodged with the Court that contains or reveals the substantive content of the privileged matter shall be filed under seal.

7.  The parties shall tailor their documents to limit, as much as practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and simultaneously file a redacted version for the public record, blocking out the limited matter comprising the confidential information.

8.  Petitioner's disclosure of documents from trial counsel's file in this action, and related testimony by Petitioner or members of Petitioner's trial team at the evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under

the Fifth and Sixth Amendments to the United States Constitution or analogous provisions of the California Constitution in the event of any retrial.

9. This order shall continue in effect after the conclusion of this habeas corpus action. Any modification or vacation of this order shall be made only after notice to and an opportunity to be heard from both parties.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: November 16, 2018        By */s/ Michael Parente*
                                MICHAEL PARENTE
                                MARK R. DROZDOWSKI
                                Deputy Federal Public Defenders
                                Attorneys for Petitioner
                                MARCO ANTONIO VILLAGRAN


XAVIER BECERRA
Attorney General of California

DATED: November 16, 2018        By */s/*
                                JENNIFER A. JADOVITZ
                                MEREDITH S. WHITE
                                Deputy Attorney General
                                Attorneys for Respondent
                                ROBERT FOX

IT IS SO ORDERED:

**For good cause shown, under seal filings must comply with Local Rule 79.**

DATED:  November 26, 2018              / S /
                                HON. SUZANNE H. SEGAL
                                United States Magistrate Judge

Presented by:
*/s/ Michael Parente*
MICHAEL PARENTE
MARK R. DROZDOWSKI

4

Deputy Federal Public Defenders
Attorneys for Petitioner
MARCO ANTONIO VILLAGRAN